| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br>CASE NUMBER: 2012-CP-10- |
| Leila Lane,<br>　　Plaintiff, | |
| v. | SUMMONS<br>(JURY TRIAL REQUESTED) |
| North Charleston Police Department,<br>City of North Charleston,<br>Charleston County, State of South Carolina,<br>Deputy Michael Sanchez<br>　　Defendant. | |

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, N. Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint

Respectfully submitted,

WIGGER LAW FIRM, INC.

_____
Matthew A. Hopper
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
this 19 day September 2012

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>LEILA LANE,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NORTH CHARLESTON,<br>COUNTY OF CHARLESTON,<br>STATE OF SOUTH CAROLINA,<br>NORTH CHARLESTON POLICE<br>DEPARTMENT, AND OFFICER MICHAEL<br>SANCHEZ, INDIVIDUALLY AS DEPUTY & IN<br>HIS OFFICIAL CAPACITY,<br>    Defendants. | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br>CASE NUMBER: 2012-CP-10-<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)**<br><br> |

The Plaintiff, complaining of the Defendants, would show unto this Honorable Court as follows:

**ONE**: Plaintiff Leila Lane is a resident and citizen of Charleston County, South Carolina.

**TWO**: Defendant, Michael Sanchez is, upon information and belief, a resident and citizen of Charleston County, South Carolina, and is at all times relevant herein a duly appointed acting officer of the North Charleston Police Department.

**THREE**: At all times relevant hereto, Defendant Sanchez was acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of South Carolina and/or the City of North Charleston.

**FOUR**: Defendant, North Charleston Police Department is a municipality duly incorporated under the laws of the State of South Carolina.

**FIVE**: On or about November 25, 2011, the Plaintiff was at her home located at 5322 Eva Street, North Charleston, South Carolina in Charleston County, South Carolina.

**SIX**: Defendant Sanchez with the North Charleston Police Department arrived at the Plaintiff's home to investigate a complaint when the Plaintiff refused to permit her grandson's girlfriend in her home.

**SEVEN**: Without provocation, Defendant Sanchez approached Plaintiff and then grabbed her arms tightly, not allowing the Plaintiff into her home.

**EIGHT:** Plaintiff advised Defendant Sanchez that she had health issues which prevented her from standing for long periods of time. Plaintiff advised Defendant Sanchez that she would need to sit.

**NINE:** Defendant Sanchez refused to permit Plaintiff to sit for over forty-five minutes. Finally, he entered the Plaintiff's home with his weapon drawn and pointed directly at the Plaintiff and brought a chair to the Plaintiff.

**TEN:** While wrongfully detaining the Plaintiff, Defendant Sanchez did not specify the reason for her detainment. Plaintiff had been cooperative with Defendant Sanchez.

### FIRST CAUSE OF ACTION
### EXCESSIVE FORCE AND MISUSE OF WEAPONS
### AGAINST DEFENDANT SANCHEZ

**ELEVEN:** Plaintiff reiterates and realleges the above paragraphs as if fully set forth herein.

**TWELVE:** At all times herein, Defendant Sanchez was an agent, servant and/or employee of Defendant North Charleston Police Department.

**THIRTEEN:** At the time of this wrongful detainment, Plaintiff was not violating any laws, was not attempting to interfere with Defendant's execution of his duties, and was not engaged in any assaultive or aggressive behavior towards the Defendant at any time before, while or after there was a weapon drawn at her.

**FOURTEEN:** This wrongful detainment, excessive force and misuse of weapons by Defendant was entirely unjustified by any actions of Plaintiff and constituted an unreasonable and excessive use of force.

**FIFTEEN:** The actions alleged above deprived Plaintiff of the following rights under the United States Constitution:

   a. Freedom from the use of excessive and unreasonable force;
   b. Freedom from a deprivation of liberty without due process law; and
   c. Freedom from summary punishment.

**SIXTEEN:** Defendant subjected Plaintiff to such deprivations by either negligence, malice or a reckless disregard of Plaintiff's rights.

**SEVENTEEN:** As a direct and proximate result of Defendant's acts, Plaintiff has suffered severe and permanent injuries including, being forced to endure physical pain, mental anguish, humiliation, and being deprived of her physical liberty.

### SECOND CAUSE OF ACTION
### NEGLIGENCE AGAINST DEFENDANT

## NORTH CHARLESTON POLICE DEPARTMENT

**EIGHTEEN:** Plaintiff reiterates and realleges the allegations in the above paragraphs as if fully set forth herein.

**NINETEEN:** Prior to November 25, 2011, Defendant permitted, encouraged, tolerated, and/or ratified a pattern and practice of unjustified and unreasonable actions taken by police officers in that:

    a.    Defendant failed to discipline or prosecute or in any manner deal with known incidents of wrongful actions;

    b.    Defendant refused to investigate complaints of previous incidents of similar behavior, and instead, officially claimed that such incidents were justified and proper; and

    c.    By means of inaction regarding such wrongful actions, Defendant encouraged police officers employed by it to believe that improper actions were permissible.

**TWENTY:** Defendant has maintained an inadequate system of proper drawing of firearms which has failed to identify instances of improper use of firearms or to discipline, more closely supervise, or retrain officers who in fact improperly used such weapons;

**TWENTY-ONE:** On information and belief, the systemic deficiencies include but are not limited to:

    a.    Preparation of investigative reports designed to vindicate the use of firearms, regardless of whether such actions were justified;

    b.    Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses;

    c.    Preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved.

    d.    Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigation; and

    e.    Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

**TWENTY-TWO:** Defendant also maintains a system of grossly inadequate training pertaining to the law of permissible use of firearms in a training program and such

programs fail to meet standard police training principles and criteria which mandate the use of firearms and describe appropriate actions needed to draw such firearms.

**TWENTY-THREE:** The foregoing acts, omissions, and systemic deficiencies are policies and customs of defendant and such caused police officers of defendant to be unaware of the rules and laws governing permissible use of firearms and/or weapons and to believe that the misuse of firearms and/or weapons are entirely within the discretion of the officer and that improper use would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to use deadly force in situations where such force is neither necessary nor reasonable nor legal.

**TWENTY-FOUR:** As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of defendant, co-defendant Sanchez improperly used his firearm directing it to Plaintiff.

## THIRD CAUSE OF ACTION
## WRONGFULLY DETAINMENT BY DEFENDANT

**TWENTY-FIVE:** Plaintiff reiterates and realleges the above paragraphs as if fully set forth herein.

**TWENTY-SIX:** Defendants wrongfully detained the Plaintiff despite the fact that Plaintiff had committed no crime or broken any law.

**TWENTY-SEVEN:** Said detainment was in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

**TWENTY-EIGHT:** Defendant thereafter caused Plaintiff to be detained without probable cause or reason therefore for a period of approximately one hour against Plaintiff's will and without her consent without proper legal justification in violation of Plaintiff's constitutional rights as described above.

**TWENTY-NINE:** By reason of the above, Plaintiff was greatly injured and suffered great mental anguish, and was deprived of her constitutional rights as described in the above paragraphs.

## FOURTH CAUSE OF ACTION
## FALSE IMPRISONMENT

**THIRTY:** Plaintiff reiterates and realleges allegations in the above paragraphs as if fully set forth herein.

**THIRTY-ONE:** At the same time of the wrongful detainment herein, Defendant Sanchez was acting as an officer of the North Charleston Police Department.

**THIRTY-TWO:** Defendant wrongfully restrained Plaintiff.

**THIRTY-THREE:** Defendant Sanchez intentionally restrained the Plaintiff.

**THIRTY-FOUR:** Defendant Sanchez unlawfully restrained the Plaintiff by misusing his weapon.

**WHEREFORE,** the Plaintiff prays for Judgment against the Defendant in the amount of actual damages, punitive damages, the costs of this action and any further relief as this Court deems just and proper.

Matthew A. Hopper
Attorney for Plaintiff
Wigger Law Firm, Inc.
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
19 day of September, 2012